PER CURIAM.
Orlando Monteagudo (“Appellant”) appeals from an Order wherein, based upon *34 an indemnification clause contained in a settlement agreement, the trial court ordered Appellant to pay $19,725.39 in receivership fees and costs. We reverse.
Appellant and Jorge Abril each owned fifty percent of a debt collection business, Government Financial Management (“GFM”). In June 1998, GFM purchased 80% of a medical debt collection entity, Medical Account Systems (“MAS”), from Mercy Hospital. Subsequently, MAS was to be the exclusive collection agency for Mercy Hospital. In 1999, Appellant and Abril filed separate actions against one another alleging that the other had improperly funneled MAS collection funds to his benefit. Thereafter, the trial court appointed Stanley Tate (“Receiver”) as provisional director and receiver of MAS. (Jorge Abril, MAS, the MAS director, Mercy Hospital, and Receiver are referred to collectively as “Appellees” on this appeal.)
On February 9, 2000, the parties entered into a settlement agreement whereby Appellant transferred and assigned all of his shares of corporate stock in GFM to Appellee Abril. The settlement agreement contained an indemnification clause which stated:
[Appellant] agrees to hold harmless and indemnify [Appellees] from any claims, losses and/or damages (including attorneys fees) which are brought within three (S) years from execution of this Agreement asserted by third parties (meaning persons and/or business entities other than the parties to this litigation including their employees, officers, directors and agents ) arising out of or related to any intentional torts alleged to have been done by [Appellant] against those third parties and related to his involvement with GFM and/or MAS....
(emphasis in original). Receiver’s receivership was extended and Receiver was granted authority to investigate any issues affecting enforcement of the settlement agreement.
Soon thereafter, Receiver began investigating why Maria Elena Zimmerman, the general manager of MAS, gave inaccurate information to Receiver regarding MAS, contrary to the requirements of the settlement agreement. In the course of his investigation, Receiver took the depositions of both Ms. Zimmerman and Appellant. Receiver then prepared two reports that were presented to the lower court. In those reports, Receiver found that Ms. Zimmerman had: (1) improperly handled the weekly payroll of MAS; (2) improperly deleted MAS’ computer passwords, making it impossible to use MAS’ computer system; and (3) improperly purged over 52,000 collection accounts from MAS’ computer records, which totaled approximately $11,000,000 in collectibles.
On March 3, 2000, the trial court held an emergency hearing on Receiver’s reports. At the hearing, Receiver reiterated the findings in his report as to Ms. Zimmerman. Receiver also argued that, under the aforementioned indemnity clause, Appellant was responsible for Receiver’s costs and fees in the investigation of Ms. Zimmerman’s actions. On June 5, 2000, the trial court entered an Order adopting Receiver’s final report and ordering Appellant to pay Receiver’s fees and costs in the amount of $19,725.39, based upon the indemnification clause. This appeal ensued. For the following reasons, we reverse.
We find that the trial court erred in finding that Appellant was obligated to pay Receiver’s fees and costs under the indemnification clause. Said clause clearly states that Appellant must indemnify Ap-pellees from claims brought by third parties that arise out of intentional torts that *35 Appellant, himself, committed against those third parties. In this regard, we find that none of the eventualities that would lead to the activation of the indemnification clause occurred here because: (1) Ms. Zimmerman, not Appellant, has allegedly engaged in intentional torts; and (2) the purported victim of Ms. Zimmerman’s conduct was Appellee Abril, a party to the settlement agreement, not a third party. Accordingly, we reverse the trial court’s Order requiring Appellant to pay $19,725.39 in receivership fees and costs.
Reversed.